UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA HITTLER, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:18-CV-1474-SPM |
| | ) |
| | ) |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Stay All Proceedings filed by Defendant Johnson & Johnson, Inc. and Defendant Johnson & Johnson Consumer, Inc. (the "Johnson & Johnson Defendants"). (Doc. 7). The other defendants in the case—Imerys Talc America, Inc., PTI Royston, LLC, and PTI Union, LLC—have filed motions to join in the motion to stay. (Docs. 20, 27, 37). Plaintiffs have filed a memorandum in opposition to the motion. (Doc. 52). After review of the relevant pleadings and the parties' briefs, the Court will grant the motion to stay.

I. **BACKGROUND**

This case was initially filed in state court by 64 individuals who allege that their use of talcum powder products caused their ovarian cancer. (Doc. 1-1). On August 31, 2018, the Johnson & Johnson Defendants removed this case to federal court, asserting that diversity of citizenship existed because, *inter alia,* Defendant PTI Union, LLC (whose citizenship is the same as that of two of the plaintiffs) has been fraudulently joined and because the Court should dismiss all claims except those brought by the one Missouri plaintiff (Lisa Hittler) for lack of personal jurisdiction.

1

(Doc. 1). Plaintiffs have moved to remand the case to state court, and they seek an expedited ruling and a hearing on that motion. (Docs. 40, 49, 50). Defendants have filed various motions to dismiss or sever the claims against them. (Docs. 4, 16, 18, 23, 35). Also pending before the Court are several motions to file briefs in excess of page limitations, to file documents under seal, or to extend the time to file briefs. (Docs. 3, 33, 34, 41, 51).

In the instant motion, Defendants state that the Judicial Panel on Multidistrict Litigation ("JPML") has established a multidistrict litigation ("MDL") proceeding to coordinate pretrial proceedings in all talcum powder product cases pending in federal courts: MDL No. 2738, *In re Johnson & Johnson Talcum Powder Marketing, Sales Practices and Products Liability Litigation*. That proceeding is currently pending before Judge Wolfson in the United States District Court for the District of New Jersey. Defendants seek a stay of this case pending a decision by the JPML on whether this case will be transferred to the MDL proceeding.

**II.    DISCUSSION**

"A district court has the inherent power to stay its proceedings." *Blesoe v. Janssen Pharmaceutica*, No. 4:05-CV-02330-ERW, 2006 WL 335450, at * (E.D. Mo. Feb. 13, 2006) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "In considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Gp. Of Am., Inc.*, No. 4:16-CV-00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). *See also Davison v. Ameriquest Mortg. Co.*, No. 08-00170-CV-W-ODS, 2008 WL 11337248, at *2 (W.D. Mo. May 6, 2008) (noting that in deciding whether a stay pending transfer to the MDL is appropriate, the Court should consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; (3) the

judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated") (quotation marks and citations omitted).

Defendants argue that a stay is appropriate here because it would promote coordination of the talcum powder product cases and would eliminate the potential for conflicting pretrial rulings. They point out that there are several thousand individual talcum powder product actions pending in federal courts across the country, and they argue that if cases proceeded in transferor courts around the country pending transfer to the MDL proceeding, those courts would duplicate each other's work and reach inconsistent rulings on overlapping motions. Defendants also argue that without a stay, they will be prejudiced unnecessarily by having to engage in duplicative discovery and motion practice in multiple jurisdictions. They also argue that a stay will not significantly prejudice Plaintiffs because the delay in the proceedings would be brief and offset by the benefits of coordinated discovery and motion practice. Defendants also cite to numerous cases in this district and elsewhere in which district judges have stayed similar proceedings pending transfer to the MDL proceeding.

In their opposition, Plaintiffs state that they would be greatly prejudiced by the stay. They state that the removal of this case is a "complete sham designed to cause delay" in this case. They also state that there would be no prejudice from the Court ruling on issues of subject matter jurisdiction in this case. They do not address the questions of judicial economy or consistency of rulings, and they do not cite to any case law in support of their position.

After review, the Court finds that the relevant factors weigh heavily in favor of granting a stay. The stay will conserve judicial resources and the resources of the parties and counsel, and it will promote consistent pretrial rulings in the various talcum powder cases. Additionally, it appears that Plaintiffs will suffer minimal prejudice, if any, because they will have the full and fair

3

opportunity to present their arguments in favor of remand and other arguments in the MDL proceeding. The Court also notes that several other judges in this district have granted motions to stay in cases presenting similar or nearly identical claims and issues. *See, e.g.*, *Gavin v. Johnson & Johnson*, No. 4:18-CV-212-RLW, Doc. 72 (E.D. Mo. March 6, 2018) (granting motion to stay a talcum powder products case pending transfer to the MDL proceeding and collecting cases doing the same); *Rea v. Johnson & Johnson*, No. 4:16-CV-2165-SNLJ, Doc. 42 (E.D. Mo. Feb. 22, 2017) (granting motion to stay a talcum powder products case pending transfer to the MDL proceeding and discussing "at least five other recent cases" cases doing the same). The Court finds no reason to depart from the approach taken in those cases.

### III. CONCLUSION

For all of the above reasons, the Court will grant Defendants' motion to stay all proceedings in this matter pending transfer to the MDL proceeding. In light of the stay, the Court declines to address the other motions currently pending in this case. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Stay All Proceedings filed by Defendants Johnson & Johnson, Inc. and Johnson & Johnson Consumer Inc. (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant PTI Union, LLC's Motion for Joinder in Motion to Stay All Proceedings (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant PTI Royston, LLC's Motion for Joinder in Motion to Stay All Proceedings (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Imerys Talc America, Inc.'s Motion for Joinder in Motion to Stay All Proceedings (Doc. 37) is **GRANTED**.

**IT IS FINALLY ORDERED** that this case is **STAYED** pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this case to the MDL No. 2738 in the United States District Court for the District of New Jersey.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of September, 2018.